Good morning. An announcement for the record. Justice Hoffman will not be with us this morning for the four cases. He is a fully participating panel member of this court on each and every one of those four cases. He has the benefit of both the written briefs that you have filed in these matters and he will also have the benefit of the entire oral arguments on each and every one of those four cases. So that will be the record. I will now present the case for each of the four cases that we are hearing this morning. Please call the first case. Thank you. First case, 414-0028, Janet K. Doe v. Workers' Compensation Commission. Counsel, you may approach and begin. Good morning. My name is Matthew Duco and I represent the estate of Ms. Nash. This case is up on review from a decision on the Commission that Ms. Nash's estate could not collect accrued benefits for permanent partial disability, which accrued during her lifetime. She passed away due to cause not related to her injury on the job. Just to set the table, can we agree on some things? This is a matter of statutory construction. The facts, as I understand them, are essentially undisputed, so this would be de novo review by us, correct? That's correct, Your Honor. I don't think there's any dispute there. And the facts that are undisputed is that she did reach maximum medical recovery at a point when she was still alive and deceased after that to a cause unrelated to her injury. And the Commission found that the benefits which accrued during that time were not awardable to her estate. And we're here today because that conflicts with Is that because she didn't have any dependents, in their opinion? That's correct, Your Honor. And we're here because there's two cases on point one, Republic Steel, which was decided back in 1962, and that's a Supreme Court case. And Nationwide, which is an appellate court case, decided recently in 2005, which relied upon the holding in Republic Steel and held that it's still good law. And what Republic Steel held was that awards for a permanent disability are awardable to an estate, those that accrued, regardless of dependency. And that's a quote at 46 in Republic Steel. Nationwide, in Nationwide in 2005, the employer there brought the same argument that was brought before the Commission, which is that Section 8H and 8019 superseded Republic Steel. And because of those new statutes after Republic Steel, they somehow have now limited the right of an estate to recover benefits that have accrued during the lifetime. And that's all you're seeking, right? The benefits that accrued for PPD during her lifetime? That's correct. And that's very important to note. We are not looking for future unaccrued installment payments. We are only seeking those benefits that accrued during the lifetime of Ms. Nash. And that's exactly what happened in Nationwide, which is directly on point. And in that argument, in that opinion, the Nationwide court held that Section 8H applies only to future unpaid unaccrued benefits. And that's a statute that relates to installment, the payment of installment benefits. And so what Section 8H does is it actually expands the rights of an injured worker to recover or their dependents to recover because they can now go, if they have a dependent, go and collect those benefits that would have been paid out had they survived. But again, that's not benefits that we're seeking. What we're seeking are only those that accrued during her lifetime. And during those, I believe it's about 140 weeks that, when she was alive. And, Your Honors, I think this is good public policy because, as the Supreme Court held in Republic Steel, if we were to say that benefits which accrued, which should have been paid, are not awardable to an estate, then all an employer needs to do is try and wait out and delay and litigate a case as long as possible. Particularly if somebody might be ill. Again, if somebody is ill for some reason not related to their work injury, just wait out their illness or try to litigate it as long as possible and wait for them to die and then say, we owe nothing now. And it's also, I think, good policy because you have a worker here, Ms. Nash, who was living and she had reached her medical maximum improvement and she was incurring debts. She was living her life with the expectation, of course, that she would eventually recover on this once the amount was figured at the commission level. And now she has an estate which needs to pay off those debts. And the other reason I think that this is good policy is what we have right now is an absurd result. Because what the commission ruled was that they said they gave Ms. Nash her TTD and they also awarded her the cost of her medical bills, but they didn't award her the PPD that accrued during her lifetime. Now, there's no statute that distinguishes between those that says that an estate can collect TTD as an estate can collect medical bills, but they can't collect PPD. And so why the commission decided that those are awardable to an estate, those costs that have accrued, but not PPD, really results in an absurdity. And so I think for those purposes that the commission's decision was in error. And again, we're not asking for those future unaccrued benefits which would have resulted in her lifetime had she lived. We're only asking for those that accrued during her lifetime. Thank you. Thank you, counsel. Counsel, you may respond. Good morning, may it please the court. My name is Steve Kleizek and I represent the employer in this case. At the time Republic Steel was decided, 8H did not exist in law. The only thing that existed was 8019 and that addressed a specific loss. In Republic Steel, the gentleman had a heart attack, was awarded permanent total disability, which is outside of, it's not a specific loss. It's awarded under 8F. And so the court could not look at 8019 and indicate that PPD benefits had abated. So they looked at the facts of the case and saw that this decedent was married, that there was a dependent child, and decided that the PPD that accrued prior to his death after the arbitration award could be made to the estate, which consisted of the surviving spouse. Are you talking about Republic Steel? Yes. Okay, and that was decided admittedly quite a while ago, 1962, right? Correct. We then had an occasion to address almost an exact issue in Nationwide Bank, which was 2005, and essentially we came to the same conclusion and rationale as to the Republic Steel. So how do you address those issues? Well, the facts in Nationwide were different than that in Republic Steel. In Republic Steel and Nationwide, the only benefits that were at issue were TTD and medical expenses. There were no permanency benefits at issue. So 8019 would not apply to TTD and medical because it wasn't a specific loss, and 8H would not apply either because we're limiting to TTD and medical and not PPD and Nationwide. We had this language noting that benefits which accrued up to and date of the death are payable to the estate, regardless of dependency, while benefits which do not accrue until the date of death are abated. And that's pretty general language, isn't it? It is, but I think that language is limited by the facts of Nationwide. In Nationwide, they're only looking at TTD and medical. PPD was not in place. But why wouldn't that language apply? Whether it addresses that specific issue, it's pretty broad language. Benefits which accrue to the date of death are payable to the estate, regardless of dependency. It doesn't say which kind of benefits, does it? That's a general statement. I agree with you. It is general, but I think if you're going to rely on case law, you also have to rely on the facts of the case law that generated the opinion, and the facts in Nationwide are not the facts in this case. So if we follow the general rule in Nationwide and applied it to PPD, we've just expanded Nationwide, haven't we, to cover PPD? Correct. What would be wrong with that? What's the underlying policy, so to speak, your opposing counsel discussed, that merited the decision in Nationwide, and why doesn't it merit it here under PPD? Well, I believe that the TTD and medical are different in nature than PPD. TTD is a substitution for a paycheck. If an individual goes without a paycheck, debts can incur. Medical is a debt to a third party, to a provider, a medical provider. So it's a debt of the estate. PPD is an award for the injury. It's compensation for the injury. It's to make the claimant whole. It's personal to the claimant. So public policy is not served by allowing an adult sister who is not a dependent on the claimant to receive that PPD that's personal to the claimant. What is PPD based on? What is the calculus to establish award PPD? What's it based on? At that time, at the time that we tried this case, PPD is based on the medical. How do you come up with the dollar figure? Well, you would look at the nature of the injury, and it's based on... The dollar figure is always based on wages, isn't it? Correct. It's 60% of the wages. Right. But it's not a substitution for wages. Okay. That's your argument. It's not. Yes. But what about his argument that the Supreme Court alluded to in Republic? Theoretically, if you have an ill claimant, knowing the person may have a terminal illness was to prevent the employer from sort of dragging it out, dragging their heels until the person dies and they get a windfall out of it. How do you respond to that rationale? That would only apply to an individual who is not married and does not have any dependents. So that limits the field right there. Yes. What about the merits? There's also penalties and fees as part of the Workers' Compensation Act. So if somebody unreasonably delays payment of benefits, then there's other sanctions. Also, the driving of litigation isn't on one side. It takes two to litigate. So the petitioner, the plaintiff, the claimant can always drive the litigation and move it to arbitration. It's not the sole discretion of the employer to delay litigation and say, well, we're just going to not do anything. Well, it's not the discretion. But obviously, as you know and experienced practitioners, there's ways that you can slow down or speed up the litigation. You know that. Right. And this concern was brought up by the Republic Steel Court, and the Supreme Court brought that up. And when the legislature amended the act in 1975, they could have specifically ruled that, taken that concern and codified it and made sure that PPD that has accrued up until the death would have been paid. They didn't put that language in the act. They kept the language that said compensation can only be paid upon the So you want us to read something into that omission? Well, I mean, yeah. I mean, if you're looking at the timeline of the Republic Steel's decision, the legislature amending the act in 1975 and what they did and they didn't do. So you're saying Nationwide was wrong. Now, be careful. You're being recorded. No, I believe Nationwide was correct based on the facts of Nationwide because it only dealt with TTD and medical. Now, had it also included PPD, that would be a different story, but I believe that Nationwide got it correct. Up until the death, right, and unrelated to, you know, the claimant's injury factors, was the claimant entitled to receive PPD? No, and that's another part of my argument is if we're talking accrual, when does PPD accrue? An award has to be made for something to accrue, and in Republic Steel the claimant was still alive when the arbitration decision came down and awarded permanent total disability. He was still alive when the commission affirmed the arbitration decision. He passed away when it was on appeal before the Supreme Court back then. Okay, that's all we need to know. And in here, she died many months before the arbitration hearing, so there was never an award for PPD to accrue. And counsel says, well, it accrues at MMI, and I'm not sure that that's true. Well, when you get into the public policy aspects of this, the accrual, the nature of the accrual, it makes it different from TTD and medical to a certain extent. And if you want to look at, say, third-party liability causes of action, it's already been expressed public policy in this state that individuals who for those injuries, there is an analog there that would make the result that Justice Holdridge proposed consistent with existing public policy, wouldn't it? Yes, and I would like to say that, you know, workers' comp is separate and apart from civil. So PI cases handle completely different than workers' comp. Compensation is a statutory animal, so to speak. And while there are similarities, I don't think there's still apples and oranges. You can't apply one concept that works for one for the other, and I think it works vice versa, too. You can't apply comp policies to civil litigation. Well, they're very definitely two completely different systems, but the concept of awarding a benefit or compensation based on something that's accrued, there is a shared similarity there. There is, and I would just like to point out that there are provisions in the Workers' Compensation Act 8019 and 8H that limits payments of compensation upon the debt, where those particular statutes aren't found in civil arena. Under your argument, what happens if there is an awarded arbitration, which the employer appeals, and then there's a death while it's on appeal, and it hasn't been paid yet? Does it still all abate? I would argue that it does. Even in that case, it would abate because the act, the legislature could have easily put in the language that said any PPD that was awarded and accrued prior to the death is still payable, is payable to the estate. It doesn't say that. Well, what about the flip side of that argument? If they wanted to cut it off, and even though it accrued, if the decedent died before it was paid, why didn't they say that they wouldn't be entitled to those benefits upon the death, even though they had accrued? Why couldn't the legislature, if they wanted to cut that off, do what you suggested they could do? Well, I think they did essentially do that. They didn't want to cut it off. They only wanted to give it to a certain class of people, and that would be people who are close enough to the decedent, i.e., the spouse, or is dependent upon the decedent, i.e., a child or a dependent relative. So the legislature didn't want to just cut off the PPD. They just wanted to make sure that the PPD went to people who, you know, that public policy would dictate that says that they should receive it, not an adult sister who, you know, was not dependent on the decedent. You know, public policy, while it's great for her, I'm going to get some more money, it doesn't serve public policy because she had no, because the PPD is personal to the decedent and she wasn't close enough to the decedent. You can't call her attention to any legislative history that addresses the issue one way or the other, is that correct? Well, in the reply brief, the legislative history was mentioned, and the transcript was attached to the circuit court briefs. And in the Senate, they clearly, according to the transcripts, they clearly dealt with temporary TTD. You could tell by that Senator, Senator Nepple, I believe, was talking about TTD. In the House, they were talking about PPD. They were just talking about they didn't want the PPD to abate entirely. And, you know, and I think that that concern carries out in the present statute and in my interpretation of the statute is that it's just not going to abate. It's not going to stop. It's going to be paid to a close, somebody who had a close relationship, i.e., the spouse or somebody who was dependent on that decedent, such as a child or other dependent relatives. So it's fair to the decedent to stay would be cut off unless they have relatives. Is that fair? From the PPD, yes. Okay. Thank you. Thank you, counsel. Counsel, you may reply. Thank you. First, and I think it's important just to point out that Ms. Nash's adult sister is not the one recovering here. It's her estate that's recovering. And, obviously, her estate has debts that need to be paid, and partially these debts are incurred because of the injury that she sustained on the job. Secondly, I'd like to talk a little bit about Nationwide, and counsel brought up a distinction between TTD and PPD. I think that distinction is irrelevant and doesn't distinguish Nationwide at all from the present case. First off, 8H only applies to installment payments. And this is what Nationwide said in its holding. It said, quote, since the TTD benefits and medical expenses awarded in instant action are not payable in installments, Section 8H of the Act has no relevance to this matter, and the holding of Republic controls. So Nationwide said that Republic is still good law in regard to accrued benefits. And it doesn't make a distinction between TTD and PPD, but instead it makes a distinction between those that are paid in installments, which would be future expected benefits, and those that have accrued already that are not paid in installments, but would be paid in the lump sum upon a finding. We agree that 8H limits the recovery only to accrued benefits, and not to future installment benefits. However, and I think it's also important, where it says, the Nationwide says Republic is still holding their control, Republic is still good law, and Republic still did involve the award of permanency. And also in regard to the legislative history, I believe that council is trying to read intent into 8H, legislative intent into 8H that just simply isn't there, nor is it even supported by a cursory view of legislative history. For instance, the bill sponsor, the draftee, he said, quote, on the floor when debating the bill, he said, quote, an injured worker would have drawn that before his deceased anyway. And what he's talking about there are benefits that would have accrued up to the time that he died. The injured worker would have drawn that before his deceased anyway. So I would presume it would go to his estate and be distributed in the same manner as an asset, which seems only reasonable. So what the senator is talking about there is... Which senator was it? That's the bill sponsor, his name is Knuppel, K-N-U-P-P-E-L. Knuppel. Knuppel. John Knuppel. And what he's discussing there is that the benefits that would have accrued go to the estate. And then he says, in keeping with that, what we're doing now is we're revoking the old theory that a right to recovery has gone away. And what we're allowing now are the decedents to collect those future benefits, which would have been payable if the worker had survived. And, again, we're not asking for those benefits. And we agree that AAH limits that. We're only asking for those benefits which accrued during her lifetime. Thank you, counsel. Thank you, counsel, both for your arguments in this matter. It will be taken under advisement.